UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TABITHA T. LONG,

    Plaintiff,

vs.

CASE NO.: 6:17-CV-833-ORL-40-KRS

RVSONA, INC. d/b/a 7-ELEVEN
STORE #36000A, a Florida Profit
Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TABITHA T. LONG, ("Plaintiff"), was an employee of Defendant, RVSONA, INC. d/b/a 7-Eleven Store #36000A, ("RVSONA" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3.     At all times material hereto, Plaintiff was a resident of Orange County, Florida.

1

## PARTIES

5.  Defendant, a Florida Profit Corporation, is in the business of operating a gas station and convenient store located at 10025 South Orange Avenue, Orlando, Florida 32824.

6.  The Plaintiff in this action was employed by Defendant as an hourly paid cashier/clerk from on or around June 2013 to May 4, 2017 earning $8.00 to $10.00 per hour for all hours worked, but who did not receive pay at time and one-half times her regular rate of pay for all of her hours worked in excess of forty (40) hours per week during one or more workweeks.

## COVERAGE

7.  At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8.  At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.  At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. groceries, cleaning products, cash registers and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

12. Defendant, RVSONA, is a company classified as a gas station and convenient store.

13. Plaintiff, TABITHA T. LONG, performed cashier/clerk duties for Defendant.

14. Plaintiff worked in this capacity from approximately June 2013 throughMay 4, 2017.

15. Plaintiff was paid an hourly rate of $8.00 per hour which has gradually increased to $10.00 per hour in exchange for work performed.

16. From on or around June 2014, Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

17. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times her regular rate of pay for all of her hours worked over forty (40) in a workweek.

18. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

19. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

20. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

21. Defendant failed to maintain proper time records as mandated by law.

22. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

25. From on or about June 2014 during her employment with Defendant, Plaintiff worked overtime hours, but was not paid time and one-half compensation for all of her overtime hours worked during one or more workweeks.

26. Defendant had knowledge of the overtime hours worked by Plaintiff.

27. Defendant was aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

28. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 5/9/17.

Respectfully submitted by,

_____
KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff